# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 24, 2013

Lyle W. Cayce
Clerk

No. 13-30176
Summary Calendar

BELVA WEBB; FAITH WEBB,

Plaintiffs–Appellants,

versus

PATRICK LASALLE, Individually and in His Official Capacity as
the Chief of Police of the Patterson Police Department;
POLICE DEPARTMENT OF PATTERSON;
POLICE DEPARTMENT OF MORGAN CITY;
JOHN DOE, Officer with the Morgan City Police Department;
JOSEPH P. MORELLA, Judge; SCHOOL BOARD OF ST. MARY PARISH;
KENNETH LOCKETT; NIKI FRYOU, Principal;
BOURGEOIS MEDICAL CLINIC, L.L.C.;
MELVIN G. BOURGEOIS, Doctor; JOHN DOE, Doctor;
X Y Z INSURANCE COMPANY; ROBERT M. BOURGEOIS, M.D.,

Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
No. 6:12-CV-897

No. 13-30176

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Belva and Faith Webb appeal the dismissal of their claims against various public and private defendants. They also challenge the imposition of sanctions. As the district court accurately described the suit,

> Plaintiffs Belva Webb and Faith Web[b] filed this action pursuant to 42 U.S.C. §§ 1983, 1985 and 1986, alleging violations of the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution as well as violations of the Louisiana Constitution, and asserting claims under various theories of state tort law . . . . Plaintiffs contend that defendants . . . all conspired to violate the civil rights of Belva Webb, a St. Mary School District crossing guard.

The district court issued a detailed and persuasive twenty-three-page Memorandum Ruling, issued November 30, 2012, further describing the claims and explaining why they have no merit. We affirm the dismissal of the substantive claims, essentially for the reasons given by the district court.

Regarding the imposition of sanctions, however, the court did not apply current law, and its quotations from and references to Rule 11 do not appear to come from the text of that rule as it was largely amended in 1993 to make it more difficult to levy sanctions. (The 2007 amendment made only stylistic changes.) The cases the court cites in its 2½-page discussion of sanctions were all decided before the significant 1993 amendments. For example, the court cites a 1991 case for the proposition that "[t]here are no longer any 'free passes' for attorneys and litigants who violate Rule 11." But that is no longer true under Rule 11(c)(2).

In sum, the court was not justified in imposing sanctions using the pre-1993 standards it utilized. The insufficiencies in plaintiffs' case, although sub-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

stantial, are not egregious enough to warrant sanctions under amended Rule 11, although plaintiffs and their counsel are warned against further vexatious litigation. It is time to put this matter to rest, both on the merits and in regard to sanctions. In the interest of justice and finality, we reverse the sanctions as unsupported under modern Rule 11.

The judgment of dismissal is AFFIRMED. The order imposing sanctions is REVERSED. The motion for damages on appeal under Federal Rule of Appellate Procedure 38 is DENIED.